N. Douglas Grimwood, No. 003414
Helen Perry Grimwood, No. 006355
The Grimwood Law Firm plc
301 East Bethany Home Road
Suite A-205
Phoenix, Arizona 85012-1269
(602) 265-4995
ndg@grimwoodlaw.com
hpg@grimwoodlaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Bressor<br><br>         Plaintiff,<br><br>v.<br><br>United Healthcare Insurance Company;<br>and Environmental Engineering and<br>Technology, Inc. Long Term Disability<br>Plan,<br><br>         Defendants, | Cause No.<br><br>**COMPLAINT** |

COMES NOW, Plaintiff James Bressor and states for his Complaint as follows:

**JURISDICTION AND VENUE**

1. Plaintiff is a resident of Phoenix, Arizona and has received disability benefits from Defendant United Healthcare Insurance Company and Environmental Engineering and Technology Inc. Long Term Disability Plan (hereinafter collectively called "Plan") at his residence in Phoenix, Arizona. The payments have been made by Defendant Plan under United Healthcare's policy of insurance No. 301384.

2. Plaintiff is a participant in the Defendant Plan and has made a claim for

1

benefits under the Plan. Defendant Plan determined by its letter of March 12, 2009, that Plaintiff was "disabled" under the terms of the Plan as of August 31, 2007, and benefits were paid to Plaintiff from February 27, 2008 until the termination of benefits in October 2010.

3. Plaintiff has timely appealed the termination of those benefits and exhausted his administrative remedies on or about February 23, 2011.

4. The Plan is an "employee welfare benefit plan" under the provisions of the Employee Retirement Income Security Act ("ERISA"), as set forth in 29 U.S.C. § 1002(3).

5. This Court has jurisdiction pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B) and 28 U.S.C. §1331.

6. Venue is proper under ERISA, 29 U.S.C. § 1132(e).

7. On August 31, 2007, Plaintiff was employed by Environmental Engineering & Technology, Inc. Pursuant to that employment, Plaintiff was a participant in the Defendant Plan.

8. It was determined by Defendant Plan that Plaintiff was "disabled" and was approved for long-term disability benefits to be paid by Defendant Plan. Pursuant to that approval, benefits were paid to Plaintiff from February 27, 2008 until the termination of benefits in October 2010. Plaintiff's physical condition on the date of termination of benefits was not improved over his condition throughout his period of disability. Defendant Plan made no findings of any improvement in Plaintiff's physical condition to support the termination of benefits.

9. In an Occupation Assessment Report dated February 20, 2009, Defendant Plan completed an assessment of Plaintiff's physical state as it pertains to finding employment in his field as a Senior CADD Technician. The report concludes that nothing has changed with regard to his disability and the disability continues to prevent

Plaintiff from finding work in his regular occupation.  The report further concludes that there is nothing to indicate any possibility of Plaintiff working from home stating, "Since meeting and working with people is a material and substantial duty of this occupation, Dr. Iverson's opinion would preclude the performance of this occupation."

      10.    On October 5, 2010, Defendant Plan terminated Plaintiff's benefits because "based on our review of the available medical and vocational information contained in your file, it opined that there are no restrictions or limitations that would preclude you from being able to perform you (sic) occupation as a Senior CADD Technician."  This opinion of Defendant Plan stands in direct contradiction to the findings of the Occupational Assessment Report dated February 20, 2009.  Based on all medical records, Plaintiff's physical condition as it relates to his disability have not changed in any substantial way.  Defendant Plan admits that the physician assessments relied on for the denial of benefits are a "snapshot in time."  Plaintiff's disability prevents his interaction with engineers, clients and others as is required by the duties of a CADD Technician due to Plaintiff's urinary incontinence and the demands which that condition place on Plaintiff.  The Defendant Plan terminated benefits upon the findings of one physician who on one occasion failed to appreciate an odor of urine when treating Plaintiff.  The medical records and the opinion of Defendant's physicians state that the odor of urine can be alleviated in the short term only, by changing clothes and specifically undergarments. Defendant failed to obtain an "Independent Medical Examination" of Plaintiff's condition by a physician different than the one on which the termination of benefits was based.  Although Defendant's administrators claim to have exhausted the pool of urologists within "60 miles" of Phoenix, that would have entailed calls to dozens of urologists.  The contention is not supported by any evidence in the record and is not worthy of credence.

      Further, it is reasonable to assume that a urologist has a higher tolerance for the

smell of urine than most people.  To the extent that Defendant Plan terminated benefits based on the comments of one physician, a "snapshot in time" when all other indicators are of  total disability from incontinence, then the termination of benefits was arbitrary, capricious and an abuse of discretion.  Plaintiff's disability stems from a total inability to work on a daily basis away from his home.  Nothing in the Defendant Plan's definition of disability or Occupation Assessment Report precludes the fact that Plaintiff may be able to function for very short periods without suffering ill effects of his disability.  It is the inability to continue to work at his Regular Occupation or find other Gainful Employment, as defined by the Defendant Plan, which render Plaintiff totally disabled.

   11.   Based on the foregoing and the entire contents of the file of Defendant Plan in this matter, the decision to terminate disability benefits violated the terms of the Plan under the appropriate standard of review.

   WHEREFORE, Plaintiff requests the following relief:

   A.   Defendant be ordered to reinstate Plaintiff's benefits effective on the date they were terminated and paid until the date of judgment;

   B.   Defendant be ordered to pay Plaintiff disability benefits until such future time as Defendant may determine that Plaintiff is no longer entitled to receive disability benefits in accordance with the terms of the Plan;

   C.   Plaintiff be awarded his attorneys fees and costs related to this action pursuant to ERISA, 29 U.S.C. § 1132(g);

   D.   Interest on back benefits under (A) above at the rate of 10% per annum pursuant to A.R.S. § 44-1201(A); and

   E.   Such other relief as this Court deems just.

DATED this 13th day of May 2011.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

THE GRIMWOOD LAW FIRM plc


By    /s/N. Douglas Grimwood
        N. Douglas Grimwood
        Helen Perry Grimwood
        301 East Bethany Home Road
        Suite A-205
        Phoenix, Arizona 85012-1269
        (602) 265-4995

        Attorneys for Plaintiff